FILED

**NOT FOR PUBLICATION**

SEP 03 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW T. THOMASSON, on behalf of himself and all others similarly situated; REBECCA J. THOMASSON, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> GC SERVICES LIMITED PARTNERSHIP, <br><br> Defendant - Appellant. | No. 11-56100 <br><br> D.C. No. 3:05-cv-00940-JAH-CAB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted August 7, 2013
Pasadena, California

Before: TALLMAN, CLIFTON, and CALLAHAN, Circuit Judges.

Defendant GC Services Limited Partnership appeals the district court's

decision to certify a class comprising Plaintiffs Andrew and Rebecca Thomasson

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and 412 individuals whose telephone calls with Defendant's employees were monitored, allegedly without warning or consent. We granted Defendant's petition for interlocutory review pursuant to Federal Rule of Civil Procedure 23(f). We review a district court's class certification determination for an abuse of discretion. *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1018 (9th Cir. 2011). We reverse.

Class certification is proper only if Plaintiffs establish that the four prerequisites of Federal Rule of Civil Procedure 23(a) apply to the class they seek to certify. *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012). Central to our decision is Rule 23(a)'s commonality requirement, which provides that one or more questions of law or fact must be common to the class. Fed. R. Civ. P. 23(a). To satisfy commonality, there must be significant proof that the entire class suffered a common injury. *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1029 (9th Cir. 2012). The common injury must be connected to the specific claim for relief. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011). In addition, as Plaintiffs propose certification under Rule 23(b)(3), the common questions must predominate over individual questions.

Defendant argues that Plaintiffs have not established significant proof that Defendant acted uniformly across the class and thus there is no common contention

that is capable of classwide resolution. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). We agree.

Plaintiffs allege that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p (2006), specifically 15 U.S.C. § 1692(e), by failing to warn call members that their calls may be monitored, which, Plaintiffs allege, caused people to reveal financial information. To establish the claim at issue here would require an individualized inquiry into hundreds of phone calls in order to determine whether and when any warning was given in each call. In the face of the evidence to the contrary submitted by Defendant, Plaintiffs did not and cannot establish that Defendant acted uniformly as to each member of the class by relying on 18 anecdotal reports of individual telephone calls. *See Wal-Mart*, 131 S. Ct. at 2553 (holding that 120 anecdotal reports did not constitute significant proof establishing a uniform policy).

That the class comprises individuals all of whom participated in telephone calls monitored by Defendant does not satisfy the commonality requirement.[1] *See Ellis*, 657 F.3d at 981 (holding that plaintiffs' commonality must connect to their

---

[1] All except Plaintiffs, that is. Because the failure to satisfy commonality defeats class certification, we do not address Defendant's other challenges to the class, including whether Plaintiffs' claims are typical of the class in light of the fact that there is no evidence that the calls of the proposed class representatives were actually monitored.

claim for class relief). Nor can a class proceed merely because it asks a common legal question. *See id.* ("[I]t is insufficient to merely allege any common question."). Because this class would necessarily require an individualized inquiry into each telephone call with Defendant, it does not generate a common contention, let alone one that predominates, of such a nature that "determination of [the contention's] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 131 S. Ct. at 2551; *see also Local Joint Exec. Trust Fund v. Las Vegas Sands*, 244 F.3d 1152, 1161 (9th Cir. 2001) (holding that the factual record was sufficiently developed to evaluate whether Rule 23 requirements had been met without the need for remand on that issue).

Accordingly, this class cannot be certified. We reverse and remand with instructions to de-certify the class.

**REVERSED and REMANDED.**